IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 30 2006

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

DAVID B. WARREN                                                                                  PLAINTIFF

v.                              No. 4:06-cv 619 SWW

DAIMLERCHRYSLER CORPORATION                                                      DEFENDANT

This case assigned to District Judge Wright
and to Magistrate Judge Forster

### NOTICE OF REMOVAL

Defendant, DaimlerChrysler Corporation, files this Notice of Removal pursuant to 28 U.S.C. § 1446(a) and states as follows:

1.  Plaintiff filed his Complaint in the Circuit Court of Pulaski County, Arkansas on April 11, 2006; a copy of the Complaint is attached hereto as Exhibit "A" and incorporated.

2.  Plaintiff's Summons and Complaint were served on May 2, 2006.

3.  DaimlerChrysler has timely filed this Notice of Removal within thirty days of the date it was served with the Complaint pursuant to 28 U.S.C. § 1446(b).

4.  Plaintiff's Complaint asserts numerous causes of action related to his purchase of a 2000 Jeep Grand Cherokee manufactured by DaimlerChrysler.

5.  Among those claims, plaintiff makes a Magnuson-Moss Warranty Act claim against DaimlerChrysler, whom he alleges breached his warranty rights. 15 U.S.C. § 2301 et seq.

6.  Plaintiff also makes a claim against DaimlerChrysler under the Fair Credit Reporting Act, alleging that DaimlerChrysler knowingly submitted false information relating to his purchase of the 2000 Jeep Grand Cherokee. 15 U.S.C. § 1681 et seq.

7. This Court has original jurisdiction over plaintiff's Magnuson-Moss Warranty Act and Fair Credit Reporting Act claims because they represent civil claims against DaimlerChrysler governed by and arising under the laws of the United States. 28 U.S.C. § 1331.

8. DaimlerChrysler may remove those claims as a matter of right because plaintiff's rights to relief, if any, necessarily arise under the laws of the United States. 28 U.S.C. § 1441(b).

9. Therefore, DaimlerChrysler respectfully gives notice of its removal of those claims.

10. This Court cannot decline jurisdiction over DaimlerChrysler's claims arising under the laws of the United States; however, it cannot adjudicate those claims without also deciding the factual and legal questions underlying plaintiff's state law claims. In such circumstances, this Court has supplemental jurisdiction over plaintiff's state law claims. 28 U.S.C. § 1367; as a result, DaimlerChrysler may remove those claims to this Court pursuant to 28 U.S.C. § 1441(c).

11. Furthermore, DaimlerChrysler requests this Court to exercise supplemental jurisdiction over plaintiff's remaining common law contract and tort claims against DaimlerChrysler pursuant to 28 U.S.C. § 1367.

12. Plaintiff's federal and state law claims arise out of a common nucleus of operative fact: plaintiff's purchase of his 2000 Jeep Grand Cherokee and his alleged subsequent dealings with dealership personnel after the sale of that vehicle; therefore, those claims are of such a "character that they would rightfully be expected to be tried in one judicial proceeding" to avoid conflicting rulings and promote judicial economy. *Hatridge v. Aetna Cas. & Surety Co.*, 415

F.2d 809, 816 (8th Cir. 1969); here, plaintiff's claims are so interrelated that this Court cannot fairly adjudicate plaintiff's federal law claims without deciding his state law claims.

13. Plaintiff's state law claims do not raise novel or complex issues of Arkansas law; consequently, this Court is more than capable of adjudicating plaintiff's common law contract and tort claims.

14. Accordingly, DaimlerChrysler respectfully removes this entire case, including all of plaintiff's federal and state claims, and respectfully petitions this Court to determine all issues involved in this matter. 28 U.S.C. §§1441(c) and 1446(b).

15. Alternatively, DaimlerChrysler removes this case under 28 U.S.C. § 1441(a) because the parties are completely diverse.

16. Plaintiff is allegedly a citizen of the State of Arkansas. DaimlerChrysler Corporation is incorporated under the laws of the State of Delaware.

17. Though plaintiff's Complaint does not state an amount in controversy on its face, DaimlerChrysler assumes that the amount in controversy exceeds a sum in the amount of $75,000.00. Accordingly, plaintiff has placed that amount in controversy by making numerous claims with no attempt to limit his *ad damnum* clause to a lesser amount.

18. This Court has original jurisdiction over this entire case because it is a civil action in which complete diversity exists with an amount in controversy which exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332.

19. Therefore, this matter is subject to removal pursuant to 28 U.S.C. § 1441(a).

20. DaimlerChrysler removes this entire case based on diversity jurisdiction. 28 U.S.C. § 1446(a).

3

21.     DaimlerChrysler will give prompt notice to the plaintiff and the Circuit Court of Pulaski County, Arkansas by filing its Notice of Removal with the Circuit Clerk; a copy of that Notice is attached hereto as Exhibit "B".

WHEREFORE, DaimlerChrysler Corporation has this day removed the foregoing case to the United States District Court for the Eastern District of Arkansas, Western Division; thus, all proceedings in the State Court are halted.

Respectfully submitted,

Kevin W. Cole (93200)
Andrew H. Dallas (2003161)
BARRETT & DEACON, P.A.
P.O. Box 1700
Jonesboro, AR 72403
(870) 931-1700
kcole@barrettdeacon.com

By: _____
        Attorneys for Defendant,
        DaimlerChrysler Corporation