**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**CIVIL DIVISION**

2006 APR 11  PM 4: 20

CIRCUIT-COUNTY CLERK

DAVID B. WARREN                                            PLAINTIFF

Vs.                                    CASE #: CIV 2006-4150

DAIMLERCHRYSLER CORPORATION                    DEFENDANT

## *COMPLAINT*

Comes now the Plaintiff, David B. Warren, and for his complaint, affirms and states:

1.  Jurisdiction and Venue are proper in as much as the Plaintiff David B. Warren. "Warren", is duly a lawful resident of this county and state.

2.  That the Defendant, DaimlerChrysler, referred to hereafter as "DC", is a Limited Liability Corporation that writes minimum contracts in the State of Arkansas.

3.  The Defendant manufactures new vehicles under the registered trademark name, "Jeep".

4.  "DC" also is licensed, by the State of Arkansas, to sell its new vehicles, including but not limited to, such "Jeep", a registered trademark name, within this State.

5.  The Defendant maintains use of authorized dealer agents and service repair agents, which are authorized to sell new vehicles on its behalf and perform such warranty repairs, including, but not necessarily limited to, both Expressed and Implied Warranties.

6.  The Defendant also writes financial contracts, including but not necessarily limited to, retail installment, lease, and fixed-value/balloon contracts, in the State of Arkansas.


EXHIBIT A

7. That "Warren" is bringing this Complaint in order to exercise his rights for the appropriate relief for Breach of Contract; Breach of Warranty; Violation of Magnuson-Moss Warranty Act; Rescission; Violation of Fair Credit Reporting *[handwritten: fed quest.]* Act; Deceptive Trade Practices; Defamation of Character; Libel; and Slander and for relief along with damages for mental anguish, emotional distress, humiliation, embarrassment, economic hardship, injury to his reputation, injury to his character and any additional relief to which he may be entitled.

8. On or about October 30, 1999, "Warren" entered into a contract with the Defendant for the purpose of purchasing a 2000 Jeep Grand Cherokee Limited, VIN #1J4G258S2YC179285, attached hereto as Exhibit "A", the Contract. *[handwritten: SOL ?]*

9. That the 2000 Jeep was defective and was subjected to a number of repairs at "DC's" authorized dealer/service agents, attached hereto as Exhibit "B".

10. That on or about April 12, 2001, "Warren" took the said vehicle to "DC's" service agent and the agent refused to repair the vehicle, which was within the expressed and/or implied warranty provided by "DC" offered at the time of purchase. Moreover, "DC" refused to issue a repair receipt and refused to diagnose the defect, upon "Warren's" request.

11. That the defect was a defective transmission that had been previously replaced approximately 4 months earlier along with defective braking system. The vehicle was making a loud noise when the vehicle was placed into gear. In addition, the vehicle's braking system was defective in that the front and rear pads needed to be replaced again, approximately one month after the same issue with the brakes were previously subjected to repair.

12. On or about April 13, 2001, "Warren" took the said vehicle to Cook Jeep, "DC's" service agents and although Fletcher Jeep refused to diagnose and repair the vehicle after contacting "DC" to get authorization, Cook Jeep diagnosed the defect and ordered the part.  Cook Jeep also diagnosed that the brakes needed to be replaced, although Fletcher refused to diagnose the need for repair after consulting "DC" regional office in Memphis, TN, referencing Exhibit "B".

13. On or about April 17, 2001, "Warren" returned the vehicle to Fletcher Jeep to have the vehicle repaired.  "DC" agent refused to diagnose the vehicle or issue a repair ticket.

14. On or about June 1, 2001, "Warren" returned the vehicle to Cook Jeep as requested.  An attempt to repair the transmission was performed at that repair facility.  However, at the time that the vehicle was taken to the facility, "Warren" requested that "DC" repair the braking system, at no charge to the customer.  "DC" refused to repair the safety defect, and Cook Jeep noted the records that the brakes were not defective, although it was diagnosed on the previous repair ticket from the agent.

15. On or about June 1, 2001, "Warren" returned the vehicle to Cook Jeep and noted that the vehicle still was not repaired.  Cook refused to perform any additional repairs on the vehicle, even though the repair technician(s) heard that the loud noise still existed.

16. That the 2000 Jeep Grand Cherokee Limited was seriously defective and unsafe in that it had failures to the braking system that affected the braking distance and brake effectiveness of the vehicle, causing the front end to shake erratically and

violently when the brakes were applied. In addition, when the brakes were applied, the vehicle's front end would pull the vehicle toward the right. The fuel system and transmission system was defective as well.

17. That collectively, the vehicle was subjected to the following repairs: 1) Recall 1 for Emissions; 2) Defective fuel Gauge; 3) Fuel Pump Replacement; 4) Front Rotors replacement; 5) Rear Rotors replacement; 6) Transmission Replacement; 7) Recall 2 Emissions-defect 8mph gas mileage; 8) Transmission Repair; 9) Outstanding Recall 3 for under-hood fire; 10) Outstanding repair Front Brake Pad Replacement; 11) Rear Brake Pad Replacement; 12) Front Rotor Repair; 13) Rear Rotor Repair; 14) Fuel Pump Replacement; and 15) Transmission Repair. All of these repairs were performed or should have been performed within 1 ½ years from the purchase date.

18. The Defendant breached its contract by selling the Plaintiff, "Warren" a vehicle that was defective.

19. That The Defendant breached it warranty by selling the vehicle a unit that could not be repaired, within a reasonable number of attempts.

20. The Defendant breached its contract by its refusal to perform the repairs as prescribed by the terms of its expressed and implied warranty, pursuant to U.C.C 2-313 and 2-315.

21. That the defendant breached its warranty by refusing to diagnose and render repairs on a vehicle that was within the expressed warranty coverage period.

22. That DaimlerChrysler Corporation breach its contract and warranty by failing to make such necessary repairs as to cure or remedy the vehicle, fully operable, within a reasonable number of attempts and a reasonable amount of time.

23. The Defendant breached its contract with the Plaintiff by selling "Warren" a unit that was unsafe and could not be repaired within a reasonable number of attempts as well as its refusal to repair the vehicle once in the custody of the repair facility.

24. The Plaintiff is entitled to aggregate costs and to recoup as part of his judgment damages including, but not limited to, the sum of all payments made ($8,756.08); down payment ($400.00); Net Allowance for Trade (1,500.00); Insurance Costs ($2,288.85); Sales Tax Paid ($1,123.00); County Property Tax Paid ($650.00); Rental Reimbursement ($34.00); and cost for diagnosing braking system ($41.00).

25. That the Defendant violated the <u>Magnuson-Moss Warranty</u> Act by refusing to   — *Fed quest.* repair items covered under its expressed and implied warranties and by not making such repairs in a timely manner.

26. That the Defendant's actions and business practices should be deemed Deceptive Trade Practices, {Ark. Code Ann. § 4-88-107 et seq.}, in that the Defendant refused to perform and/or diagnose repairs of defects that were provided to be repaired under its expressed and implied warranties in order to avoid and minimize liability under the law.

27. That the Defendant has violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., by knowingly submitting false information to the various reporting agencies regarding this vehicle and this contract, which was fulfilled by the Plaintiff et al.

28. The Defendant has subjected the Plaintiff to defamation by publishing and/or authorizing the publishing of information that it knows to be or should have reasonably known to be false.

29. The Defendant has subjected the Plaintiff to Libel {Ark. Code Ann. § 4-56-105(5)} and Slander by publishing false and derogatory information against the Plaintiff, which is known to be false by the Defendant.

30. That the Defendant's egregious actions have subjected the Plaintiff to economic and emotional hardships and have deprived the Plaintiff of business opportunities that otherwise he would qualify.

31. As a direct result, the Plaintiff has been subjected to injury by DaimlerChrysler's adverse actions and all other actions that are not encompassed within the law. The Plaintiff is entitled to damages for emotional distress, mental anguish, economic hardship, humiliation, embarrassment, injury to his reputation, injury to his character.

32. That the Plaintiff is entitled to a restraining order, temporary and permanent injunctive relief, prohibiting DaimlerChrysler Corporation and each of its subsidiaries, agents, or entities from further publishing libelous and knowingly false statements as to the personal character of the Plaintiff and immediately cease, desist, abolish, and void any and all other publications against the Plaintiff.

33. That the Plaintiff demands a trial by jury upon all triable issues.

34. That the Plaintiff respectfully reserves the right to amend his Complaint.

Wherefore, the Plaintiff, prays for a Restraining Order, temporary and permanent injunction, prohibiting any further adverse action against him; Rescission of the

Contract with DaimlerChrysler Corporation and any of its subsidiaries, agents, or entities; and for Breach of Contract; Breach of Warranty; Deceptive Trade Practices, Violation of Magnuson-Moss Warranty Act; Violation of Fair Credit Reporting Act; Defamation; Libel and Slander along with damages for emotional distress, economic hardship, embarrassment, humiliation, injury to his reputation, injury to his character and punitive damages; and for his costs and attorney's fees; and all other relief to which he may be entitled.

Respectfully submitted,

David B. Warren
5 Levant Dr.
Little Rock, AR 72212
501-217-0540