IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| DAVID B. WARREN, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   No. 4:06cv00619 SWW |
| | * |
| | * |
| | * |
| DAIMLERCHRYSLER | * |
| CORPORATION, | * |
| | * |
| Defendant. | * |

ORDER OF REMAND

David B. Warren, who is proceeding *pro se*, brings this action against DaimlerChrysler Corporation ("DCC") for damages arising out of his purchase of an alleged defective 2000 Jeep Grand Cherokee manufactured by DCC. Plaintiff asserts claims of Breach of Contract, Breach of Warranty, violation of the Magnuson-Moss Warranty Act, Rescission, violation of the Fair Credit Reporting Act, Deceptive Trade Practices, Defamation of Character, Libel, and Slander. This action was originally filed in the Circuit Court of Pulaski County, Arkansas, on April 11, 2006, but was removed to this Court by DCC on the basis of federal question jurisdiction on May 30, 2006. On June 21, 2006, and again on June 28, 2006, plaintiff filed motions to remand for improper removal and lack of federal jurisdiction. By Order dated August 7, 2006, this Court denied plaintiff's motion to remand, stating, in part, as follows:

> Although plaintiff relies primarily on state law concerning his allegations of, in effect, purchasing a "lemon," he specifically asserts a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. *See* Pl.'s Compl. at ¶ 27 ("That the Defendant has violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., by knowingly submitting false information to the various reporting agencies regarding this vehicle and this contract, which was fulfilled by the Plaintiff et al."). This Court has original federal question jurisdiction over actions

>brought under the FCRA without regard to the amount in controversy. *Washington v. Direct Gen. Ins. Agency*, 130 F.Supp.2d 820, 824 (S.D.Miss. 2000). Thus, actions brought in state court under the FCRA are removable to federal district court, concurrent jurisdiction notwithstanding. *Id.* (citing *Lockard v. Equifax, Inc.*, 163 F.3d 1259 (11th Cir. 1998)).

*Warren v. DaimlerChrysler Co.*, No. 4:06cv619 (E.D.Ark. Aug. 7, 2006) (order denying remand).[1] Plaintiff appealed, and on September 20, 2006, the United States Court of Appeals for the Eighth Circuit dismissed plaintiff's appeal for lack of jurisdiction.

The matter is now before the Court on motion of DCC for summary judgment [doc.#18]. Plaintiff has belatedly responded in opposition to DCC's motion, and has also filed a motion for leave to amend his complaint [doc.#31], which DCC opposes as not in compliance with this Court's Scheduling Order.[2]

Addressing first plaintiff's motion for leave to amend his complaint, plaintiff does not seek the addition of any factual or legal matters, but seeks merely to "exercise his rights" to "voluntarily dismiss and exclude ... any and all allegations" relative to his alleged violations of the Magnuson-Moss Warranty Act and the Fair Credit Reporting Act. Plaintiff's motion to amend, then, is more properly characterized as a motion for voluntary dismissal of his federal claims. As so construed, this Court hereby grants plaintiff's motion and dismisses his claims for alleged violations of the Magnuson-Moss Warranty Act and the Fair Credit Reporting Act.

---

[1] In a footnote, this Court noted that plaintiff affirmatively states the amount in controversy is only some $14,792.43. *See* Pl.'s Mot. to Remand, at ¶¶ 11-13 [doc.#10]. For this reason, this Court noted, it did not appear plaintiff's claim under the Magnuson-Moss Warranty Act would satisfy the $50,000 amount-in-controversy requirement for such a claim, thus precluding federal-question based removal on that basis. *See Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004); *Voelker v. Porsche Cars North America*, 353 F.3d 516, 521-22 (7th Cir. 2003). The Court notes also that DCC states that "if plaintiff is willing to agree that all alleged claims combined are limited to the amount of $14,792.43," which plaintiff has now done, DCC "would then agree to that sum being the actual amount in controversy." See DCC's Resp. to Mot. to Remand, at ¶ 3 [doc.#12]. Accordingly, there is no jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332.

[2] DCC has filed additional motions concerning primarily the timeliness of plaintiff's responses to its motions.

Having dismissed plaintiff's federal claims, the question remains whether to remand this action to the state court from which it was removed or to retain supplemental jurisdiction over plaintiff's state-law claims based upon considerations of economy, convenience, fairness, and comity. *See Carnegie-Mellon v. Cohill*, 484 U.S. 343, 357 (1988). This Court should also consider whether plaintiff is attempting to manipulate the forum by dismissing his federal claims. *See id.* ("A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case.").

This Court has carefully considered the matter and declines to exercise supplemental jurisdiction over plaintiff's state-law claims. Although plaintiff's request to dismiss his federal claims at this time is in all likelihood a manipulative tactic designed to achieve his previously unsuccessful remand to state court, that factor is outweighed in this case by the interests of judicial economy and comity. The Eighth Circuit has counseled that needless decisions of state law should be avoided as a matter of comity following the elimination of federal claims. *See, e.g., American Civil Liberties Union v. City of Florissant*, 186 F.3d 1095, 1098-99 (8th Cir. 1999) (citing *Birchem v. Knights of Columbus*, 116 F.3d 310, 314 (8th Cir. 1997)). *See also Kimsey v. Snap-On Tools Corp.*, 752 F.Supp. 693, 695 (W.D.N.C. 1990) (noting that while plaintiffs may be attempting to avoid federal jurisdiction by amending the complaint, such a reason does not diminish their right to set the tone of their case by alleging what they choose). In addition, the state court has already addressed several issues surrounding plaintiff's purchase of his alleged "lemon" in previous state court litigation, and there is no indication that it would be inconvenient or unfair to resolve the remaining issues in state court as both the Circuit Court of Pulaski County and this Court are located in the City of Little Rock and many of plaintiff's claims

appear capable of resolution without great difficulty.

Finally, plaintiff has asserted a claim under the Arkansas Deceptive Trade Practices Act ("ADTPA") and this Court finds that there are significant legal questions concerning the application of the ADTPA's statute of limitations to plaintiff's claim and, if not time-barred, whether plaintiff's claim is actionable under the ADTPA, which DCC denies. The parties do not set forth any case law addressing these questions and this Court determines these are questions concerning interpretation of the ADTPA that the Arkansas state courts should address in the first instance.[3]

For the foregoing reasons, the Court grants plaintiff's motion to dismiss his claims for alleged violations of the Magnuson-Moss Warranty Act and the Fair Credit Reporting Act and declines to exercise jurisdiction over the remaining state-law claims. The Clerk is directed to remand this action to the court from which it was removed.

IT IS SO ORDERED this 6th day of December, 2006.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[3] Any civil action to enforce the provisions of the ADTPA may be brought "during a period of five (5) years commencing on the date of the occurrence of the violation or the date upon which the cause of action arises." Ark. Code Ann. § 4-88-115. DCC argues that plaintiff knew in December 2000 the vehicle allegedly was a "lemon" with defects that substantially impaired the safety, use, and value of the vehicle, and that his time for asserting an ADTPA claim began running on that date. However, plaintiff also alleges that as late as June 2001, he took his vehicle in for repairs and repairs were refused. DCC does not address whether these later dates would fall within the "date of the occurrence of the violation or the date upon which the cause of action arises." DCC goes on to state that plaintiff has failed to prove DCC had any obligation under the ADTPA to diagnose or perform repairs of plaintiff's vehicle and that plaintiff has failed to cite any applicable case law to demonstrate that such action constituted a deceptive trade practice. *See* DCC's Reply Br. at 11 [doc.#30]. Of course, DCC has failed to cite any case law demonstrating that such action did not constitute a deceptive trade practice. *Cf. Wallis v. Ford Motor Co.*, 362 Ark. 317 (2005) (owner could not maintain a cause of action under the ADTPA where the only injury complained of was a diminution in value of the vehicle).